# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK SHIELDS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-21-1003-D ) |
| SCOTT CROW, | ) ) |
| Respondent. | ) |

## ORDER

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell [Doc. No. 21] under 28 U.S.C. § 636(b)(1)(B) and (C). Petitioner filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Doc. No. 1] challenging a criminal judgment of the District Court of Garfield County, Oklahoma, on the ground that Oklahoma courts lacked jurisdiction over the case because the crime occurred in Indian Country. *See McGirt v. Okla*., __ U.S. __, 140 S. Ct. 2452 (2020). Respondent moved for dismissal [Doc. No. 17] arguing that the Petition was untimely. Upon consideration, Judge Purcell finds that the Motion should be granted and the action dismissed without prejudice because it was filed outside of the one-year limitations period established by 28 U.S.C. § 2244(d)(1).

Petitioner filed a timely objection [Doc. No. 22] and the Court must therefore make a *de novo* determination of the portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Petitioner's objection does not appear to dispute that the Petition was filed outside of the limitations period established by 28 U.S.C.

1

§ 2244(d)(1), but instead argues that he should not be subject to the limitations period at all because he is a Native American and the state court lacked jurisdiction over his criminal case. Petitioner presents no persuasive authority in support of this argument and, upon *de novo* consideration, the Court rejects any contention that a § 2254 petition raising a jurisdictional claim is exempt from the applicable limitations period. 28 U.S.C. § 2244(d)(1) provides that "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court" and makes no exception for a habeas petition brought by a Native American or a habeas petition challenging a state court's jurisdiction. Thus, having reviewed the entirety of the case record, the Court fully concurs in Judge Purcell's findings and recommendation that the action should be dismissed without prejudice as untimely.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 21] is ADOPTED. Respondent's Motion to Dismiss [Doc. No. 17] is GRANTED, and the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 is DISMISSED without prejudice. Judgment shall be entered accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only if a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is DENIED.

**IT IS SO ORDERD** this 31st day of January, 2022

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge